UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
BRIDGEPORT DIVISION

```
------------------------------------------------------X   CASE NO. 10-50977 (AHWS)
IN RE:                                              )
      CHRISTOPHER M. COUGHLIN,                      )
                                                    )
            Debtor in Possession.                   )
------------------------------------------------------X   CHAPTER 11
EASTERN SAVINGS BANK, FSB,                          )
                                                    )
            Movant,                                 )
                                                    )
v.                                                  )
                                                    )
CHRISTOPHER M. COUGHLIN and the                     )
UNITED STATES TRUSTEE,                              )
                                                    )
            Respondents.                            )
------------------------------------------------------X   SEPTEMBER 24, 2010
```

## OBJECTION OF STEPHEN DEGOT TO EASTERN SAVINGS BANK'S MOTION FOR RELIEF FROM STAY OR, IN THE ALTERNATIVE, MOTION TO CONVERT OR DISMISS

Stephen P. DeGot ("DeGot"), a Creditor of the Debtor, Christopher M. Coughlin ("Debtor"), acting herein by his undersigned counsel, respectfully objects to the Motion for Relief from Stay or, in the Alternative, Motion to Convert or Dismiss filed by Eastern Savings Bank ("Eastern") for the reasons set forth herein.

I.   **Introduction and Background**

The Debtor filed a voluntary Chapter 11 petition on April 29, 2010. In his bankruptcy schedules, the Debtor lists two primary assets: (1) real property located at One Random Road, Old Greenwich, Connecticut (the "Property"), which the Debtor values at $1,900,000 on his schedules, and (2) a pending lawsuit (the "Lawsuit") against individuals owning real estate adjacent to the Property, which the Debtor values at approximately $11,500,000 according to his

schedules. Upon information and belief, the Lawsuit involves claims by the Debtor against adjacent property owners for damages resulting from trespass and unauthorized installation of utilities over the Property. According to Eastern's Motion, and upon information and belief, the trial of the Lawsuit is scheduled to commence on March 15, 2011, at which point in time the value of the Lawsuit should be conclusively determined.

DeGot holds both secured and non-secured claims totaling over $941,000 against the Debtor. DeGot holds a second mortgage on the Property behind Eastern's mortgage. Moreover, DeGot has a substantial unsecured claim against the Debtor. Debtor has assigned to DeGot a partial interest in any settlement or judgment proceeds Debtor receives from the Lawsuit. If the Debtor resolves the lawsuit at even a portion of his estimated valuation of $11,500,000, the Debtor will have sufficient assets to not only pay Movant, Eastern, in full, but also to pay DeGot and other creditors in full.

**II.    Argument**

In moving for relief from stay to complete its foreclosure action, or in the alternative seeking a dismissal or conversion of this case, Eastern is seeking to divest Debtor of his ownership interest in the Property prior to the Debtor concluding the Lawsuit that is scheduled to commence trial in less than six months. DeGot submits that the potential for the Debtor's success in the Lawsuit in inextricably connected to the Debtor's continued ownership of the Property, since the Lawsuit seeks damages resulting from the Defendants' unauthorized installation of utilities and trespass over the Property. Granting any of the alternative relief in Eastern's Motion would be extremely prejudicial to the Debtor's ability to reorganize and could leave all creditors other than Eastern without any recovery from the Debtor. Furthermore, permitting Eastern to foreclose its mortgage on the Property would effectively eliminate any

ability of the Debtor to attempt to settle the Lawsuit, since the Defendants in the Lawsuit are unlikely to be inclined toward settlement with the prospect that the Debtor could lose the Property prior to the trial in the Lawsuit. Consequently, DeGot opposes the Movant's Motion for Relief from Stay, and the alternative relief requesting dismissal or conversion of the Chapter 11 case.

Eastern's reliance on the decision of In Re: Bendig, 74 B.R. 47 (Bankr. D. Conn. 1987) in support of its contention that the Lawsuit is "too ephemeral an asset" in which to support a plan of reorganization is misguided. Unlike the present case which has been pending for only five months, the debtor in Bendig had eighteen months from the bankruptcy filing to attempt to reorganize prior to the court's ruling on a motion to dismiss or convert. Moreover, the lawsuit upon which the debtor proposed to rely on funding its plan was a speculative legal malpractice claim that had not even been commenced at the time of the filing of the motion to dismiss or convert. In this case, the Debtor filed the Lawsuit long before filing his petition, and the lawsuit is actually scheduled to commence trial on March 15, 2011, less than six months from now. DeGot submits that Debtor should be allowed an opportunity to reorganize, and repay his creditors through the proceeds of this Lawsuit. While the results of any lawsuit are never certain, it is clear that in this case there is a certain end date for the Debtor to demonstrate the value of the Lawsuit through of the trial scheduled to commence on March 15, 2011. Providing the Debtor that window of opportunity to pursue the Lawsuit has the effect of increasing the settlement value which would benefit all creditors, while granting Eastern's motion could eliminate any settlement value of the Lawsuit.

## III.  Conclusion

For the foregoing reasons, the Creditor, Stephen P. Degot, respectfully requests that the Motion for Relief from Stay or, in the Alternative, to Motion to Convert or Dismiss be denied and that the Debtor be permitted a reasonable opportunity to reorganize within a reasonable time.

<div style="margin-left:3em">

THE CREDITOR,
STEPHEN P. DEGOT

BY: _____
Scott M. Harrington
DISERIO MARTIN O'CONNOR &
   CASTIGLIONI LLP
One Atlantic Street
Stamford, CT 06901
(203) 358-0800
sharrington@dmoc.com

</div>

## CERTIFICATE OF SERVICE

    This is to certify that a true copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on this 24th day of September, 2010. Notice of this filing will be send by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____
Scott M. Harrington

H:\LIT\SMH\23820.objection.doc