## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF CONNECTICUT
## BRIDGEPORT DIVISION

| | |
|---|---|
| IN RE: | : CASE NO. 10-50977 (AHWS) |
| CHRISTOPHER M. COUGHLIN | : CHAPTER 11 |
| Debtor in Possession | : |

EASTERN SAVINGS BANK, FSB

    Movant

v.

CHRISTOPHER M. COUGHLIN
and the UNITED STATES TRUSTEE

    Respondents                        SEPTEMBER 27, 2010

### REPLY TO STEPHEN DEGOT'S OBJECTION TO EASTERN SAVINGS BANK'S MOTION FOR RELIEF OR, IN THE ALTERNATIVE, MOTION TO CONVERT OR DISMISS

Eastern Savings Bank ("Eastern"), by and through its attorneys, Halloran & Sage LLP, hereby replies to Stephen DeGot's (DeGot") Objection to Eastern's Motion for Relief from the Automatic Stay or, in the alternative, for dismissal or conversion of the above captioned matter.

In his Objection, DeGot does not take issue with the fair market value of the Debtor's real estate or the lack of equity. Instead, his Objection essentially argues that because the trial in the Debtor's speculative lawsuit is scheduled to commence on March 15, 2011, the Debtor should simply be allowed to remain in bankruptcy until that time in order to determine what the outcome of that lawsuit

will be. This argument is flawed for several reasons. First, DeGot completely ignores the fact that Eastern will no longer be adequately protected by the end of this year. In fact, by the end of December of this year, there will be due and owing from the Debtor to the Movant an additional $63,000 in interest. That amount, when added to the $1,838,525.91 due and owing (as of August 1, 2010), means that several months before the Debtor's trial is scheduled to commence, Eastern will no longer be adequately protected.

Second, DeGot's argument does not take into account the possibility of appeals of the trial court decision. One or more appeals is highly likely considering 1) the amount of claimed damages; and 2) the fact that the Debtor appealed all the way to the Connecticut Supreme Court his earlier lawsuit against the seller of the property. In addition, the trial could be continued on one or several occasions. In fact, that lawsuit has already been continued. It is important to point out that the previous foreclosure sale date of May 1, 2010 ordered by the foreclosure court was chosen *precisely* to allow the Debtor additional time to complete his lawsuit[1]. Despite the delay, trial did not occur timely, and this bankruptcy case was filed to stay the foreclosure sale. Contrary to DeGot's assumption, there can be no certainty that the Debtor's lawsuit will conclude in March, 2011.

In addition, DeGot's argument is flawed because it completely ignores relevant case law. The case law is clear that a plan of reorganization cannot be based upon a lawsuit. A lawsuit is "too ephemeral an asset" on which to support

---

[1] The lawsuit was previously scheduled for trial in February, 2010.

2

a plan of reorganization. In re. Bendig, 74 B.R. 47 (D.Conn, 1987). It is also insufficient to invoke Chapter 11 jurisdiction when the debtor's only asset appears to be a lawsuit. Id., referencing, In re Imperial Heights Apartments, Ltd., 18 B.R. 858 9 Bankr. S.D. Ohio 1982). Courts should not approve plans, "whose sole source of funding are the speculative proceeds of various lawsuits in which the Debtors have not yet prevailed and whose resolutions do not seem likely in the near future." In re. Kleinman, 156 B.R. 131, 140 (S.D.N.Y., 1993).

It is beyond dispute that the Debtor's sole means to fund any plan of reorganization is through recovery of damages in the currently pending lawsuit. Debtor testified to this at his meeting of creditors. Thus, it comes as no surprise that Debtor's Monthly Operating Reports for May, June, July and August of this year show that the bankruptcy estate is not generating any cash flow. Those Reports show that the Debtor earned a net profit of only $552.68. Even this modest gain, however, was only made possible by virtue of DeGot's post-petition loans. Based upon a review of DeGot's Proof of Claim and the Debtor's Monthly Operating Reports, DeGot has made at least $55,000 worth of loans since May of this year. As a result, DeGot continues to loan the Debtor money in the face of a known risk –the very likely result he will be not be paid.

Lastly, it is also very telling that DeGot does not even attempt to provide any analysis of the Debtor's lawsuit or why recovery of damages from the lawsuit should be considered as anything other than pure speculation. As a result, the merits of that lawsuit must be questioned. For the reasons set forth in Eastern's motion, as supplemented in this reply, the motion should be granted.

Dated this 27th day of September, 2010.

          EASTERN SAVINGS BANK, FSB

By /s/ Michael S. Wrona
   Michael S. Wrona
   Fed. Bar #ct 24105
   HALLORAN & SAGE LLP
   One Goodwin Square
   225 Asylum Street
   Hartford, CT 06103
   (860) 522-6103

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing on this 27th day of September, 2010. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ Michael S. Wrona
Michael S. Wrona

1840434v.1